IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| C.D. ACQUISITION HOLDINGS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:05-CV-583 |
| ) | |
| DOUGLAS B. BAUMGARTNER, and, as ) | |
| transferees, MARGARET BAUMGARTNER, ) | |
| JAS LLC, TECUMSEH PROPERTIES, LP, ) | |
| and BAUMGARTNER ENTERPRISES, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the court on the "Motion to Dismiss or in the Alternative Summary Judgment" [doc. 9] filed by the defendants. For the reasons that follow, the motion will be denied with leave to renew.

I.

*Background*

According to the complaint, plaintiff was previously granted a $1,300,000.00 arbitration award against defendant Douglas B. Baumgartner ("Baumgartner") and two other individuals. Plaintiff alleges that the arbitrator's judgment has not been satisfied, in part due to Baumgartner's fraudulent transfers to the other defendants in this case. Plaintiff asks the

court to void each transfer under Tennessee's Uniform Fraudulent Transfer Act ("UFTA"), Tennessee Code Annotated § 66-3-301, *et seq.*

By the present motion, defendants direct the court's attention to a lawsuit currently pending in the United States District Court for the Western District of Pennsylvania. *See C.D. Acquisition Holdings, Inc. v. Meinershagen*, No. 2:05-CV-1719 (W.D. Pa.) (Judge Thomas M. Hardiman). Therein, plaintiff has sued the instant defendants (and others), apparently seeking to set aside the same allegedly fraudulent transfers. Defendants contend that this court therefore lacks subject matter jurisdiction because a virtually identical prior suit is already pending. Defendants also argue that the present complaint should be dismissed because plaintiff has not plead its allegations of fraud with sufficient particularity. *See* Fed. R. Civ. P. 9(b).

Plaintiff has not responded to the instant motion within the time allowed by the Federal Rules of Civil Procedure and the local rules of this court. *See* Fed. R. Civ. P. 6(a), (e); E.D. TN. LR. 7.1(a). Although "[f]ailure to respond to a motion may be deemed a waiver of any opposition to the relief sought," E.D. TN. LR. 7.2, the court must nonetheless examine the motion to ensure that the sought-after relief is warranted. *See Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991).

The undersigned has taken judicial notice of the docket sheet in Judge Hardiman's case. Although the present defendants (hereinafter, the "Tennessee Defendants")

2

are quick to point out the existence of the Pennsylvania suit, they are apparently not as anxious to disclose their ongoing challenge to that court's jurisdiction.[1]

On January 30, 2006, the Tennessee Defendants filed a motion to dismiss in Judge Hardiman's case, arguing in part that they "are beyond this court's jurisdiction . . . . [as] Tennessee citizens who are not subject to suit in this court." [W.D. Pa. docs. 18-19]. On March 14, 2006, Judge Hardiman denied the motion without prejudice, directing the parties to "complete fact discovery for the limited purpose of determining personal jurisdiction over [the Tennessee Defendants] no later than May 12, 2006." *C.D. Acquisition Holdings, Inc. v. Meinershagen*, No. 2:05-CV-1719 (W.D. Pa. Mar. 14, 2006) (order addressing motions to dismiss). On April 28, 2006, the Tennessee Defendants were granted additional time to respond to plaintiff's discovery requests. *C.D. Acquisition Holdings, Inc. v. Meinershagen*, No. 2:05-CV-1719 (W.D. Pa. Apr. 28, 2006) (order granting motion to extend discovery).

The personal jurisdiction issue therefore remains unresolved in the Pennsylvania court. Until that question is settled, it would be premature for this court to rule on the merits of its pending dispositive motion. The motion will accordingly be denied with leave to renew, and this civil action will be stayed.

---

[1] Defense counsel is cautioned to adopt a more forthright approach to future filings in this court. *See* Fed. R. Civ. P. 11.

An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge